Case 4:25-cv-04218   Document 22   Filed 01/12/26 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTY AARON, | § § § | |
| *Plaintiff,* | § | |
| VS. | § § | CIVIL ACTION NO. 4:25-cv-4218 |
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| *Defendants.* | § § § § | |

## ORDER

Before the Court is Plaintiff's Motion to Remand and Motion for Sanctions (Doc. No. 5). Defendant United States of America responded (Doc. No. 8), and Plaintiff replied and filed supplemental briefing (Doc. Nos. 9, 15). The United States of America also filed its Motion to Dismiss (Doc. No. 10), to which Plaintiff responded (Doc. No. 13), and the United States then replied (Doc. No. 16). For the following reasons, Plaintiff's Motion to Remand and Motion for Sanctions is **DENIED**, and the United States' Motion to Dismiss is **GRANTED**. This case is **DISMISSED** without prejudice.

### I. BACKGROUND

Plaintiff Betty Aaron ("Aaron" or "Plaintiff"), individually as the wrongful death beneficiary and as surviving spouse of Earl Aaron, filed a civil action against the United States of America (the "Government"), numerous employees of the United States Department of Veterans Affairs, and other affiliated entities in the 133rd Judicial District Court of Harris County, Texas. (Doc. No. 1-2 at 2; Doc. No. 1 at 1). Her state-court Petition asserts negligence claims under the Federal Tort Claims Act ("FTCA") arising out of the medical care provided to her late husband,

Earl Aaron, at the Michael E. DeBakey Department of Veterans Affairs Medical Center ("VAMC") in Houston, Texas. (*Id.* at 8–11). She filed this suit in state court on September 7, 2023. (*Id.* at 2).

Subsequently, the United States Attorney for the Southern District of Texas certified that the individual defendants were acting in the scope of their employment and Defendants moved to dismiss the Plaintiff's claims in state court, due to federal courts having exclusive jurisdiction over claims arising under the FTCA. (Doc. No. 1 at 2). The state court initially dismissed the case but subsequently set aside that dismissal because Plaintiff did not have notice or an opportunity to respond to the motion to dismiss. (Doc. No. 5 at 1). On September 5, 2025, the United States of America removed the case to this Court pursuant to section 2679(d)(2) of the FTCA. (Doc. No. 1 at 1). Subsequently, the United States, by operation of law, was substituted for the individual federal-employee Defendants with respect to Plaintiff's claims. (Doc. No. 2). Aaron now moves to remand the case back to state court based on multiple alleged procedural and jurisdictional defects. (Doc. No. 5 at 1). The Government, instead, moves to dismiss this case arguing that this Court lacks jurisdiction to hear it. (Doc. No. 10 at 3–4).

## II. LEGAL STANDARDS

### A. Motion to Remand

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved for the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of

2

removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). To determine whether jurisdiction is present for removal, courts "consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. An action may be removed under 28 U.S.C. § 1332 if the parties are completely diverse and the "amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

### B. Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. CONST., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331–32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

3

2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

### III. ANALYSIS

#### A. Plaintiff's Motion to Remand and Motion for Sanctions (Doc. No. 5)

To begin, the United States cannot be sued without its consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Only the sovereign can waive sovereign immunity. *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979). The FTCA, as amended by the Westfall Act, is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies, and employees acting within their official capacity. 28 U.S.C. §§ 1346(b), 2679; *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006). The FTCA provides a vehicle for plaintiffs to sue the United States government for money damages for injury or loss of property caused by the negligence of a federal employee acting within the course and scope of his or her employment. *See* 28 U.S.C. § 1346(b).

Here, Plaintiff seeks remand of her FTCA claims back to state court. Plaintiff presents three arguments for remand in her motion. First, she argues that the Government's removal was untimely under 28. U.S.C. § 1446(b) because the notice of removal was filed more than 30 days after it was served. (Doc. No. 5 at 2). Despite this, the Government's removal was, in fact, timely because this case's removal is governed by the FTCA time restrictions for removal, rather than the general removal statute. *McLaurin v. United States*, 392 F.3d 774, 778–79 (5th Cir. 2004).

Section 2679 of the FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property "resulting from the negligent or wrongful conduct of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Once the Government is notified of a suit against an

employee of the Government, the Attorney General shall certify that the defendant employee was "acting within the scope of his office or employment at the time of the incident out of which the claim arose." § 2679(c)–(d)(1). After the Attorney General makes that certification, "any civil action . . . commenced upon such claim in a [s]tate court shall be removed without bond *at any time before trial* . . . ." § 2679(d)(2) (emphasis added).

Here, the United States Attorney for the Southern District of Texas certified on March 25, 2024, that all Defendants named in the state-court suit "were acting within the scope of their duties while treating U.S. Veteran Earl Aaron at the Michael DeBakey VA Medical Center." (Doc. No. 1-3 at 2–3). The Government then removed the case before trial, complying with § 2679(d)(2). Since § 2679(d)(2) allows the Government to remove "at any time before trial," the general removal statute's 30-day deadline for removal does not apply to this case. *See McLaurin*, 392 F.3d at 780–81. In fact, the Fifth Circuit has held that "remand is not even permitted once the government certifies the scope of employment and removes the suit under Section 2679(d)(2)." *Id.* at 781 n.27 (citing *Garcia v. United States*, 88 F.3d 318, 322, 324 (5th Cir. 1996)).

Next, Plaintiff argues the Government's removal was procedurally defective because it failed to serve Plaintiff's counsel with a copy of the notice of removal. (Doc. No. 5 at 2). In support of her argument, Plaintiff simply states that the Government's counsel informed Plaintiff's counsel via telephone of his intent to file the notice of removal and that he would mail a copy, but that Plaintiff's counsel never received the notice. (*Id.*).

According to Federal Rule of Civil Procedure 5(b)(2)(C), service can be made by mailing a paper to a person's last known address. Fed. R. Civ. P. 5(b)(2)(C). In that case, "service is complete upon mailing." *Id.* Per the certificate of service accompanying the Government's notice of removal, counsel for the Government certified that the notice of removal was served by certified

5

mail, return receipt requested to Plaintiff's counsel of record, Angela Aaron. (Doc. No. 1 at 5). The Government's counsel also "advised Ms. Aaron by phone that this notice of removal was being filed." (*Id.*). The Government also submitted the Certified Mail receipt and tracking status alongside its response to the Motion to Remand, showing that the notice was delivered and pickup up by an individual at the post office. (Doc. No. 8-2 at 2–3). As such, Defendant properly served the notice of removal in accordance with the Federal Rules of Civil Procedure.

Plaintiff's final argument for remand is that the Attorney General's Westfall Certification is "overbroad, factually incorrect and not legally binding." (Doc. No. 5 at 2). The Westfall Act provides that, upon certification by the United States that a government employee was acting within the scope of their employment at the time of the allegedly tortious act, the United States may remove the action to federal court and substitute itself as the defendant in the suit. 28 U.S.C. § 2679(d)(2). For purposes of removal, the certification conclusively establishes that the employee was acting within the scope of their employment. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995). The Supreme Court has held that "district courts [have] no authority to return cases to state courts on the ground that the [United States'] certification was unwarranted." *Osborn v. Haley*, 549 U.S. 225, 227 (2007). While *Lamagno* permits judicial review of scope of employment certifications, it does so only for purposes of testing the appropriateness of substituting the United States as a defendant in the lawsuit, not for remand of the case. *Lamagno*, 515 U.S. at 432.

Here, the United States Attorney for the Southern District of Texas certified that all defendants were acting within the scope of their federal employment at the time of the underlying events. (Doc. No. 1-3 at 2–3). Even if the Court subsequently determined that this certification is incorrect, it has no authority to return this case to state court like Plaintiff requests. *Osborn*, 549

U.S. at 227. Plaintiff attempts to challenge the certification for purposes of remand, not for the purpose of determining whether it was appropriate for the United States to substitute in as defendant in the case. This is an improper challenge, and this Court has no authority to return this case to state court based upon those grounds. *Id.*

For these reasons, Plaintiff's Motion to Remand and Motion for Sanctions (Doc. No. 5) is **DENIED**.

### B. The Government's 12(b)(1) Motion to Dismiss

The Government also filed its Motion to Dismiss in which it argues that this Court lacks jurisdiction over this case based on the doctrine of derivative jurisdiction. (Doc. No. 10 at 3). Plaintiff does not address the Government's arguments for dismissal in her response. Instead, she insists the Court must first resolve her Motion for Remand. (Doc. No. 13 at 1–2).

The doctrine of derivative jurisdiction provides that "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). "If the state court did not have jurisdiction to hear the case, the federal court does not acquire jurisdiction—even if the federal court would have had jurisdiction, if the suit were originally brought in federal court." *Colonial Cnty. Mut. Ins. Co. v. United States*, No. SA-15-CV-917-XR, 2015 WL 7454698, at *2 (W.D. Tex. Nov. 23, 2015). While Congress has abolished the doctrine of derivative jurisdiction for cases removed under 28 U.S.C. § 1441(e), the Fifth Circuit has held that this abrogation does not extend to removals under 28 U.S.C. § 1442. *Lopez*, 749 F.3d at 351.

Since only federal courts have subject matter jurisdiction in an FTCA case, when Plaintiff filed her suit in District Court in Harris County, Texas, that court did not have subject matter jurisdiction over the case. *See id.* at 350. When the Government removed the case to federal court,

7

it did so under 28. U.S.C. § 1442. (Doc. No. 1 at 1) ("Pursuant to 28 U.S.C. § 1446(a), § 1442, and § 2679(d) the United States of America, through the undersigned Assistant U.S. Attorney, and on behalf of itself and the named federal employees acting within the scope of their employment, files this Notice of Removal . . . ."). As a result, the doctrine of derivative jurisdiction applies. Since the state court did not have subject matter jurisdiction, this Court does not have subject matter jurisdiction either—even though it would have if Plaintiff had originally filed her lawsuit in this Court. As a result, the Court has no choice but to dismiss the case without prejudice. *See Colonial Cnty.*, 2015 WL 7454698, at *2 (finding the same); *Terry v. United States Postal Serv.*, No. 3:24-CV-0799-S, 2024 WL 2331764, at *2 (N.D. Tex. May 21, 2024) (finding the same).

This Court recognizes that after dismissal, Plaintiff most likely will simply refile her case here in federal court, where it already sits today after removal. This process seems unnecessary and circular, but nevertheless, the Court's hands are tied and has no choice but to dismiss the case under the law as it currently stands.[1]

---

[1] "The derivative-jurisdiction principle has been heavily criticized largely because it produced the anomalous result that a case within the exclusive jurisdiction of the federal courts could not be removed to a federal court." 14C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE, § 3721.1 (4th ed. 2008) (internal citation omitted); *see* Note, Shelby Mohr, *A Procedural Rollercoaster: A Case for Amendment of Section 1442 to Abrogate the Doctrine of Derivative Jurisdiction*, 58 IND. L. REV. (Jan. 20, 2025) available at https://indianalawreview.com/2025/01/20/a-procedural-rollercoaster-a-case-for-amendment-of-section-1442-to-abrogate-the-doctrine-of-derivative-jurisdiction/; David D. Siegel, *Derivative Jurisdiction Doctrine: Federal Court with Exclusive Jurisdiction of Claim Gets No Jurisdiction Upon Removal if State Court had No Jurisdiction*, SIEGEL'S PRAC. REV., Mar. 2001, at 1, 1.

8

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 5) is **DENIED** and Defendant United States of America's Motion to Dismiss (Doc. No. 10) is **GRANTED**. Plaintiff's Motion to Stay Defendant's Motion to Dismiss (Doc. No. 12) is **DENIED** as moot. This case is **DISMISSED** without prejudice.

It is so ordered.

Signed on this the __12th__ day of January, 2026.

Andrew S. Hanen
United States District Judge